UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 24, 2011

John A. Schruefer, Esq.
Seigel, Tulley & Furrer
712 Park Avenue
Baltimore, MD  21201

Michael Patrick Grady, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Kenneth Lance Fleming v. Michael J. Astrue, Commissioner of Social Security, PWG-09-1227**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Fleming's claims for Supplemental Security Income ("SSI") and Disability Insurance benefits ("DIB"). (ECF Nos. 6, 12, 24). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Kenneth Fleming (sometimes referred to as "Mr. Fleming" or "Claimant"), applied for DIB and SSI on June 17, 2005, alleging that he was disabled since May 16, 2005, due to diabetes mellitus, bipolar disorder, pinched sciatic nerves, 2 ruptured discs, and knee pain. (Tr. 14, 81, 113). His claims were denied initially and upon reconsideration. (Tr. 29-38). A hearing was held before the Honorable Karl Alexander, Administrative Law Judge ("ALJ"), on July 16, 2007, where Mr. Fleming appeared with counsel and testified. (Tr. 411-435). The ALJ subsequently denied his claims in a decision dated October 30, 2007. (Tr. 14-21). The ALJ found that although Claimant's morbid obesity, mild degenerative disc disease/degenerative arthritis, insulin

dependent diabetes mellitus with possible diabetic neuropathy, major depressive disorder/bipolar disorder and marijuana abuse were all "severe" impairments as defined in the Regulations, they did not meet or medically equal any of the listed impairments ("the Listings") found in the Regulations. The ALJ also determined that Claimant retained the residual functional capacity ("RFC") to perform a limited range of light work[1]. (Tr. 17-18). The ALJ found that Claimant was not able to perform any of his past relevant work ("PRW"). After receiving testimony from a vocational expert ("VE") and considering his age, education, work experience, and RFC, the ALJ determined there were jobs that existed in the national and local economies in significant numbers which he could perform. Accordingly, the ALJ found Mr. Fleming was not disabled. (Tr. 14-21). On March 13, 2009, the Appeals Council denied Claimant's request for review, making his case ready for judicial review. (Tr. 6-9).

Claimant presents three arguments in support of his contention that the Commissioner's final decision is not supported by substantial evidence. Claimant argues that the ALJ improperly rejected the opinions of his treating physicians in determining his RFC. He also argues that the ALJ improperly evaluated his complaints of pain and his credibility. *See* Plaintiff's Memorandum, pp. 14-19. For the reasons that follow, I disagree and find that the ALJ's decision is supported by substantial evidence and must be affirmed.

Claimant's primary argument is that the ALJ improperly rejected the opinions of his treating physician, Dr. Dennis Dey. On December 4, 2006, a "Physical Residual Functional Capacity Questionnaire" was completed by Dr. Dey in which he stated, among other things, that he first treated Claimant in August 2006, at which time he ordered an EMG study. The doctor stated the EMG revealed sensory motor polyneuropathy. As noted by the ALJ in his decision, Dr. Dey also stated that there was no need for any assistive devices. (Tr 395). Dr. Dey found that Mr. Fleming's hand grip strength was 4/5, he was diagnosed with lumbar spondylosis, cervicobrachial syndrome and his prognosis was noted as "good".

---

[1] The ALJ found that Claimant could perform light work that: allowed a sit/stand option; involved postural movements occasionally with no climbing ladders, ropes or scaffolds; no exposure to temperature extremes, humidity or hazards; with low stress environment; no production line type pace or independent decision making responsibilities; only occasional changes in the work setting and only occasional contact with co-workers, the public and occasional interaction with supervisors. (Tr. 15-16).

The ALJ considered Dr. Dey's opinions, but ultimately gave them "little weight", because he found that they were not supported by the relevant objective medical evidence and were not consistent with the record as whole. (Tr. 19-20).

A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig* v. *Chater,* 76 F.3d 585 (4th Cir. 1996); *see also* 20 CFR §404.1527(d)(2). While treating source opinions on issues reserved to the Commissioner--such as determining a claimant's RFC--are not entitled to controlling weight, the ALJ still must evaluate all of the evidence in the case record to determine the extent to which the opinion is supported by the record. In this case, I find that the ALJ fulfilled this duty. Contrary to Claimant's argument, the ALJ did not "fail to articulate any reason for rationale or basis for completely rejecting this evidence". Rather the ALJ adequately discussed Dr. Dey's opinions and the lack of support in his decision[2]. The ALJ clearly acknowledged the treatment Mr. Fleming received from Dr. Dey who is a pain management practitioner, and the ALJ specifically addressed all of the various opinions --however as noted by the ALJ, Dr. Dey did not render any opinions on any functional limitations. (Tr. 345-347, 394-395). The ALJ explained why he was not according the doctors reports controlling weight. The ALJ also discussed the treating notes from Claimant's treating mental health therapists and the state agency reviewing physicians opinions, including those rendered by Drs. Mendell, Latif, Burke, Moore and Ms. Swauger, LCSW regarding Claimant's physical and mental limitations. The ALJ clearly stated how much weight he was affording their opinions and the reasons therefore as required. (Tr. 19-21). This evidence was properly considered by the ALJ and I find the ALJ's findings are explained adequately and are supported by substantial evidence.

With respect to the ALJ's assessment of Claimant's credibility and allegations of disabling pain, the ALJ properly relied on Claimant's own testimony as well as the findings of Dr. Dey, in determining that his allegations were not totally

---

[2] On both reports he submitted, Dr. Dey declined to state what, if any, functional limitations Claimant had. In both instances the doctor simply wrote "FCE necessary". (Tr. 19, 345-347, 393-396)).

3

credible.  For example, Dr. Dey examined Mr. Fleming in April 2007 and reported that Mr. Fleming does not need to use a cane. Yet in November 2005 Mr. Fleming reported to the Agency that he needed a cane. (Tr. 107).  The ALJ did not rely solely on the existence or nonexistence of objective medical records in judging the intensity and persistence of his pain.  Rather, the ALJ also evaluated the evidence submitted by Claimant regarding his activities, including his marijuana use, the treatment he receives, and considered his testimony at the hearing. (Tr. Id.). These factors, coupled with Mr. Fleming's testimony regarding his activities, were appropriately considered,[3] and they provide substantial evidence in support of the ALJ's conclusion. Accordingly, there is substantial evidence to support the ALJ's analysis of Mr. Fleming's credibility and allegations of pain.

     Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

                             Sincerely,

                             /s/
                             Paul W. Grimm
                             United States Magistrate Judge

---

[3] SSR 96-7p provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individual's statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.
SSR 96-7p (1996 WL 374186, *2 (S.S.A.))